Mary Jo O'Neill, AZ Bar #005924
Sally C. Shanley, AZ Bar # AZ# 012251
Christopher Houk  AZ Bar #020843
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
Telephone: (602) 640-5049
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
           sally.shanley@eeoc.gov
           christopher.houk@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, <br><br> Plaintiff, <br><br> vs. <br><br> High-Tech Institute, Inc., d/b/a Anthem College Online, <br><br> Defendant. | Case No.: CIV 09-2041 <br><br> **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Kimberly Patterson and a class of women who were adversely affected by such practices during their employment by High-Tech Institute, Inc., doing business as Anthem College Online ("High-Tech Institute"). The Commission alleges that Kimberly Patterson and a class of women were subjected to unwelcome sexual comments and conduct by Defendant's employees, which created a hostile work environment because of their sex, female.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant High-Tech Institute, an Arizona corporation,  has continuously been doing business in the State of Arizona, including the City of Phoenix, and has continuously had at least 15 employees.

5. At all relevant times, Defendant High-Tech Institute has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Kimberly Patterson filed a charge with the Commission alleging violations of Title VII by Defendant High-Tech Institute.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September 2006, Defendant High-Tech Institute has engaged in unlawful employment practices at its Phoenix, Arizona facility in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a).  These practices include the harassment of

Kimberly Patterson and a class of women because of their sex, female, which created a hostile work environment.  These practices include, but are not limited to:

      a. Comments of a sexual nature to female employees by Cornelius Montrel Terry, including suggestions that he would like to have sex with Kimberly Patterson.

      b. Touching of female employees by Cornelius Montrel Terry, including rubbing of female employees' shoulders.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Kimberly Patterson and a class of women of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice and/or with reckless indifference to the federally protected rights of Kimberly Patterson and a class of women employed by High-Tech Institute.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant High-Tech Institute, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in the harassment of employees because of sex and any other employment practice which discriminates on the basis of sex.

B. Order Defendant High-Tech Institute to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant High-Tech Institute to make whole Kimberly Patterson and a class of women, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement.

     D.     Order Defendant High-Tech Institute to make whole Kimberly Patterson and a class of women, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

     E.     Order Defendant High-Tech Institute to make whole Kimberly Patterson and a class of women, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

     F.     Order Defendant High-Tech Institute to pay Kimberly Patterson and a class of women punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

     G.     Grant such further relief as the Court deems necessary and proper in the public interest.

     H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 29th day of September, 2009.

                                    JAMES L. LEE
                                    Acting General Counsel

                                    GWENDOLYN YOUNG REAMS
                                    Associate General Counsel

                                    EQUAL EMPLOYMENT
                                    OPPORTUNITY COMMISSION
                                    131 M Street NE, 5th Floor
                                    Washington, DC  20507 0004

1
2                 MARY JO O'NEILL
                Regional Attorney
3
4                 SALLY C. SHANLEY
                Supervisory Trial Attorney
5
6                 <u>s/ Christopher Houk</u>
                Trial Attorney
7
                EQUAL EMPLOYMENT
8                 OPPORTUNITY COMMISSION,

9                 Attorneys for Plaintiff